Ms. Rachel F. McGrew, Executive Secretary Arkansas State Board of Embalmers and Funeral Directors 101 E. Capitol, Suite 113 Little Rock, Arkansas 72201
Dear Ms. McGrew:
You have requested an Attorney General opinion on the following questions:
 (1) Does Arkansas law specify what persons, business entities, or non-profit organizations may sell caskets at retail?
 (2) Is the seller required to have a funeral director's license, a funeral establishment license, or a license to sell pre-paid funeral merchandise?
RESPONSE
Question 1 — Does Arkansas law specify what persons, business entities,or non-profit organizations may sell caskets at retail?
It is my opinion that although Arkansas law specifically recognizes the right of certain persons and entities to sell caskets [see, e.g., A.C.A. § 17-29-304 (licensed funeral establishments; A.C.A. § 23-78-101
(licensed burial associations); A.C.A. § 23-40-103, -109 (licensed sellers of pre-paid funeral benefits)], the law does not prohibit any person or entity from selling caskets.
I cannot interpret the law's affirmative recognition of these persons' and entities' authority to sell caskets as a prohibition of other persons' and entities' right to do so.
Question 2 — Is the seller required to have a funeral director'slicense, a funeral establishment license, or a license to sell pre-paidfuneral merchandise?
It is my opinion that Arkansas law does not require persons or entities to obtain licenses as funeral directors or funeral establishments in order to engage in the sole activity of selling caskets under a contract providing for delivery of the casket on a definite, specified, non-contingent date. However, as explained more fully below, a person or entity who sells caskets under a contract that provides for delivery of the casket at an undetermined future date depending upon the death of the buyer must be licensed as a seller of pre-paid funeral benefits.
Although funeral directors and funeral establishments are required to obtain licenses in order to engage in the full range of their activities, and although those activities can involve the selling of caskets, the licenses that they are required to obtain are necessary to authorize them to engage in all of these activities — not just the selling caskets. That is, it is not the selling of caskets that triggers the necessity of a license for these individuals and entities, but rather, the full range of activities in which they engage. If an individual or entity engages only in the selling of caskets and not in any of the other activities of funeral directors or funeral establishments, they need not obtain licenses for these professions in order to sell caskets under a contract providing for delivery of the casket on a definite, specified, non-contingent date.
However, persons and entities who sell caskets under a contract that provides for delivery of the casket at an undetermined future date that is contingent upon the death of the buyer fall within the provisions of the statutes governing sellers of pre-paid funeral benefits, and must be licensed as such. See A.C.A. § 23-40-101 et seq.
I must therefore conclude that it is not necessary to obtain a license as a funeral director or a funeral establishment in order to sell caskets under a contract providing for delivery of the casket on a definite, specified, non-contingent date. However, it is necessary to obtain a license in order to sell caskets under a contract that provides for delivery of the casket at an undetermined future date that is contingent upon the death of the buyer.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh